IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40196
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDUARDO GUZMAN RESENDEZ,
also known as Juan Garcia Gonzalez,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-267-1
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Eduardo Guzman Resendez, also known as Juan Garcia Gonzalez, appeals his guilty-plea conviction for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b).  He argues that the district court erred by applying the sentencing guideline adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  We review the district court's legal interpretation and application of the sentencing guidelines de novo and its factual findings for clear error.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Lowder, 148 F.3d 548, 552 (5th Cir. 1998).
Because the record indicates that Guzman Resendez produced a
fraudulent financial affidavit during his initial appearance
before the magistrate judge, the district court did not commit
error, clear or otherwise, by applying the adjustment for
obstruction of justice.  See § 3C1.1, comment. (n.4(c)).

Guzman Resendez also argues that the district court erred by
applying the 16-level increase pursuant to U.S.S.G. § 2L1.2(b)
because he had been previously deported subsequent to an
aggravated-felony conviction for possession of over 50 pounds of
marijuana.  His argument regarding this issue is precluded by our
decision in United States v. Hinojosa-Lopez, 130 F.3d 691 (5th
Cir. 1997).  Accordingly, the district court's judgment is
AFFIRMED.