IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51084
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO OLIVO-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CR-172-ALL-SS
--------------------
May 5, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:*

Alfonso Olivo-Martinez appeals his sentence following his guilty-plea conviction for illegal reentry following deportation. He argues that he was denied his right of allocution and that the district court erred by imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on a prior Texas conviction for cocaine possession.

Olivo-Martinez's contention that the district court erred in applying § 2L1.2(b)(1)(A) is foreclosed by our opinion in United

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997).  We AFFIRM that portion of the district court's judgment.

The district court, however, committed reversible error by failing to address Olivo-Martinez personally at sentencing to inquire whether he desired to speak in mitigation of punishment, as required under Federal Rule of Criminal Procedure 32(c)(3)(C). The denial of Olivo-Martinez's right of allocution requires that his sentence be vacated and that his cause be remanded for resentencing.  United States v. Myers, 150 F.3d 459, 462-63 (5th Cir. 1998).  The case is therefore REMANDED to the district court for resentencing in accordance with this opinion.

AFFIRMED in part; VACATED and REMANDED in part.