IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-40756 c/w 00-40830
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SANTOS CEJA-CAMPOS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. L-00-CR-127-1 &
L-00-CR-26-1
00-CR-26-ALL
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     In this consolidated appeal, Santos Ceja-Campos appeals his guilty-plea convictions and sentences for attempted illegal reentry following deportation and possession with the intent to distribute marijuana.

     Ceja-Campos first argues that a prior felony conviction is an element of the offense under 8 U.S.C. § 1326 that must be alleged in the indictment rather than a sentencing factor. Ceja-Campos acknowledges that his argument is foreclosed by the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 120 S. Ct. at 2362; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).

Ceja-Campos also challenges the 16-level increase to his base offense level for attempted illegal reentry pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Ceja-Campos's argument that his Texas conviction for possession of cocaine does not qualify as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2 is foreclosed by our decision in <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 693-94 (5th Cir. 1997). Ceja-Campos argues that this issue is not foreclosed by <u>Hinojosa-Lopez</u> because he raises it as a rule-of-lenity argument. "The rule of lenity . . . applies only when, <u>after</u> consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." <u>United States v. Shabani</u>, 513 U.S. 10, 17 (1994) (emphasis added). It follows from our decision in <u>Hinojosa-Lopez</u> that the term "aggravated felony" is not so ambiguous as to require an application of the rule of lenity. <u>See</u> <u>Hinojosa-Lopez</u>, 130 F.3d at 693-94.

Ceja-Campos does not assign any error to his guilty-plea conviction and sentence stemming from the possession-with-intent-to-distribute charge. Thus, he has abandoned any challenge to his conviction and sentence for possession with intent to

distribute marijuana.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  The judgment of the district court is affirmed.

AFFIRMED.