IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20454
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JESUS MONTES-LIRA, also known as Jesus Lira,
also known as Jesus L. Lira, also known as Jesus L. Montes,
also known as Gerardo Servantes, also known as Chui,
also known as Gerardo Cervantes,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-529-ALL
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

    Jesus Montes-Lira (Montes) appeals his conviction and
sentence after pleading guilty to a charge of being found present
in the United States after deportation, a violation of 8 U.S.C.
§ 1326.  Montes first challenges a sixteen-level increase to his
base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A).
Specifically, he argues that his prior Texas conviction for
possession of less than one gram of cocaine does not qualify as

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

an "aggravated felony" for purposes of § 2L1.2. Montes' argument, however, is foreclosed by our decision in United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Montes maintains that this issue is not foreclosed by Hinojosa-Lopez because he raises it as a rule-of-lenity argument. "The rule of lenity . . . applies only when, *after* consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." United States v. Shabani, 513 U.S. 10, 17 (1994)(emphasis added). It follows from the interpretation reached by this court in Hinojosa-Lopez that the term "aggravated felony" is not so ambiguous as to require an application of the rule of lenity. See Hinojosa-Lopez, 130 F.3d at 693-94.

Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Montes next argues that the aggravated-felony conviction used to enhance his sentence was an element of the offense that should have been alleged in the indictment. As Montes acknowledges, however, his argument remains foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000)(stating that Apprendi did not overrule Almendarez-Torres), cert. denied, 121 S. Ct. 1214 (2001).

Finally, Montes argues that his indictment does not charge an offense because it fails to allege any general intent on his part. Montes' indictment, however, "fairly conveyed that [his] presence was a voluntary act from the allegations that he was deported, removed, and subsequently present without consent of the Attorney General." See United States v. Berrios-Centeno,

250 F.3d 294, 299-300 (5th Cir. 2001).  Accordingly, his indictment sufficiently alleged the general intent required of 8 U.S.C. § 1326 offenses.  See id. at 298-300.

AFFIRMED.