IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50622
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNULFO RODRIGUEZ PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-100
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Arnulfo Rodriguez Perez challenges the sentence he received following his guilty-plea conviction for illegal reentry into the United States pursuant to 8 U.S.C. § 1326.  He argues that the district court erred in imposing an eight-level increase in his offense level because his prior state conviction for possession of cocaine was not an aggravated felony under the amended version of U.S.S.G. § 2L1.2(b)(1)(C).  Rodriguez Perez's argument is foreclosed by United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997), and United States v. Hernandez-Avalos, 251

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 505, 507 (5th Cir.), <u>cert.</u> <u>denied</u>, 122 S. Ct. 305 (2001). The amended version of U.S.S.G. § 2L1.2 still provides that the term "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43) without regard to the date of the aggravated felony conviction. U.S.S.G. § 2L1.2, comment. (n.2). Therefore, the amended version of  U.S.S.G. § 2L1.2 had no effect on the district court's determination of whether Rodriguez Perez's possession conviction constitutes an aggravated felony. Further, Rodriguez Perez received the benefit of the amended version of U.S.S.G. § 2L1.2(b)(1)(C) as he received an eight-level increase rather than the 16-level increase he would have received under the previous version of U.S.S.G. § 2L1.2(b)(1)(A). He has not shown that the district court erred in imposing an eight-level increase in his offense level because his prior possession conviction was an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C).

Rodriguez Perez's appeal is without arguable merit and is thus frivolous. <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because it is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.