IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41305
Summary Calendar

_____

UNITED STATES OF AMERICA

        Plaintiff - Appellee

   v.

SAUL CASAREZ-HERRERA, also known as Saul Herrera-Casares,
also known as Saul Herrera, also known as Saul Casares,
also known as Saul Casarez

        Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CR-168-1
--------------------
July 22, 2002

Before KING, Chief Judge, and WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

    Saul Casarez-Herrera ("Casarez") appeals his conviction and

sentence for illegal reentry of a deported alien who was

previously convicted of an aggravated felony in violation of 8

U.S.C. § 1326(a)(2) and (b)(2).  Casarez contends that the

district court erred when it rejected his collateral challenge of

the February 1999 deportation order that was used in his 8 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326 prosecution.  He also argues that the district court erroneously applied U.S.S.G. § 2L1.2(b)(1)(A), resulting in a 16-level increase to his base offense level, based on a finding that Texas felony possession of marihuana was an aggravated felony.

Casarez's collateral challenge of the February 1999 deportation order fails because he has not demonstrated that he suffered actual prejudice from defects that may have occurred in the removal proceeding, since he has not shown that "there was a reasonable likelihood that but for the error complained of . . . [he] would not have been deported."  See United States v. Lopez-Vasquez, 227 F.3d 476, 485 (5th Cir. 2000) (internal quotations and citations omitted).  Additionally, Casarez has failed to demonstrate that he exhausted available administrative remedies and that the purportedly defective removal proceeding deprived him of judicial review.  See 8 U.S.C. § 1326 (d)(1) and (2); Lopez-Vasquez, 227 F.3d at 483.

Casarez asserts that his prior conviction for possession of marihuana is not an aggravated felony or a drug-trafficking offense and thus the district court erred by increasing his offense level under U.S.S.G. § 2L1.2.  The 2000 version of Section 2L1.2, the version in effect at the time of sentencing, authorized a 16-level base offense level increase if the defendant was previously deported following a conviction for an aggravated felony.  In United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997), we determined that a "prior conviction

constitutes an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(2) if (1) the offense was punishable under the Controlled Substances Act and (2) it was a felony." We held that the defendant's prior conviction for possession of marihuana, which was a felony under Texas law and a misdemeanor under federal law, constituted an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(2). Id. Hinojosa-Lopez's rationale and holding applies to Casarez's case. Thus, Casarez's position is foreclosed by Hinojosa-Lopez.

The judgment of the district court is AFFIRMED.