IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40183
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS LAURO HINOJOSA-LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

December 4, 1997

Before REYNALDO G. GARZA, KING, and BENAVIDES, Circuit Judges.

KING, Circuit Judge:

    Defendant-appellant Luis Lauro Hinojosa-Lopez appeals the
sentence imposed upon him by the district court after he pled
guilty to a one-count indictment charging him with unlawful
presence in the United States following deportation.  He claims
that the district court incorrectly added sixteen points to his
offense level on the basis of his prior state felony conviction
for possession of marijuana.  He also argues that the government
failed to prove all of the necessary elements of the offense of
which he was convicted.  Finding no error, we affirm the district
court's judgment of conviction and sentence.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Luis Lauro Hinojosa-Lopez pled guilty to a one-count indictment charging him with unlawful presence in the United States following deportation pursuant to 8 U.S.C. § 1326(a), (b)(2) (1994).  In exchange for Hinojosa-Lopez's guilty plea, the government agreed to recommend the maximum credit for acceptance of responsibility and a sentence at the low end of the applicable Sentencing Guidelines range.  The Presentence Investigation Report ("PSR") indicated that Hinojosa-Lopez's previous convictions included a Texas conviction for "aggravated unlawful possession of marijuana," for which he had received a five-year prison sentence.  Based on that Texas conviction, the PSR stated that Hinojosa-Lopez's base offense level of eight should be increased by four points because he had been deported after conviction of a felony.  See U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a), (b)(1) (1995).  The PSR also indicated that Hinojosa-Lopez was entitled to a two-point reduction for acceptance of responsibility, see id. § 3E1.1(a), resulting in a total offense level of ten, which, in combination with a criminal history category of III, produced a guidelines sentencing range of ten to sixteen months of imprisonment.  Neither the government nor Hinojosa-Lopez objected to these findings.

At the initial sentencing hearing, the district court queried whether Hinojosa-Lopez's Texas conviction for aggravated possession of marijuana was an aggravated felony within the meaning of § 2L1.2(b)(2) of the Sentencing Guidelines.  Section

2

2L1.2(b)(2) requires a sixteen-point increase in the offense level rather than the four-point increase mandated by § 2L1.2(b)(1). See id. § 2L1.2(b)(1), (2). As neither side was prepared to address this issue, the judge continued the sentencing hearing. When the sentencing hearing resumed, defense counsel confirmed that cases from every circuit that had considered the issue indicated that a sixteen-point increase in Hinojosa-Lopez's offense level pursuant to § 2L1.2(b)(2) was appropriate, but he nevertheless asked the court to sentence Hinojosa-Lopez according to the original PSR.

The district court found that Hinojosa-Lopez's aggravated possession of marijuana conviction qualified as an aggravated felony and applied the sixteen-point increase pursuant to § 2L1.2(b)(2) of the Sentencing Guidelines. The court then granted Hinojosa-Lopez a three-point decrease for acceptance of responsibility, resulting in a guidelines sentencing range of forty-six to fifty-seven months of imprisonment. However, because the court found that the PSR overstated Hinojosa-Lopez's criminal history, the court decreased the criminal history category to II and sentenced Hinojosa-Lopez to forty-two months of imprisonment.

## II. DISCUSSION

### A. Application of § 2L1.2(b)(2)

Hinojosa-Lopez argues that the district court erred in imposing a sixteen-point enhancement pursuant to § 2L1.2(b)(2) of the Sentencing Guidelines. He contends that the term "aggravated

felony" as used in § 2L1.2(b)(2) does not include his Texas felony conviction for possession of marijuana because that crime is only a misdemeanor under federal law.  See 21 U.S.C. § 844(a) (1994).

This court's review of a sentence imposed under the Sentencing Guidelines is limited to "a determination whether the sentence was imposed in violation of law, as a result of an incorrect application of the Sentencing Guidelines, or was outside of the applicable guideline range and was unreasonable." United States v. Matovsky, 935 F.2d 719, 721 (5th Cir. 1991).  We will reverse the trial court's findings of fact only if they are clearly erroneous, but "[w]e review a claim that the district court erred in applying U.S.S.G. § 2L1.2(b)(2) instead of § 2L1.2(b)(1) de novo."[1]  United States v. Reyna-Espinosa, 117 F.3d 826, 828 (5th Cir. 1997).

Section 2L1.2(b)(2) of the Sentencing Guidelines provides that the defendant's offense level should be increased by sixteen points "[i]f the defendant previously was deported after a conviction for an aggravated felony."  U.S. SENTENCING GUIDELINES

---

[1]     The government contends that this court should review the district court's application of § 2L1.2(b)(2) only for plain error because Hinojosa-Lopez did not object at sentencing. Hinojosa-Lopez, however, contends that our consideration of this issue is not limited to plain error review.  He argues that the fact that the district court itself raised the issue of whether his prior conviction constituted an aggravated felony indicates that the court had an adequate opportunity to consider the issue. Because we conclude that the district court's application of § 2L1.2(b)(2) was correct under either standard of review, we decline to address this issue.  We therefore assume, without deciding, that Hinojosa-Lopez adequately preserved this ground of error for appellate review.

4

MANUAL § 2L1.2(b)(2) (1995).  Application Note 7 to § 2L1.2

defines the term "aggravated felony," in pertinent part, as

follows:

> "Aggravated felony," as used in subsection (b)(2),
> means . . . any illicit trafficking in any controlled
> substance (as defined in 21 U.S.C. § 802), including
> any drug trafficking crime as defined in 18 U.S.C.
> § 924(c)(2) . . . .  The term "aggravated felony"
> applies to offenses described in the previous sentence
> whether in violation of federal or state law . . . .

Id. § 2L1.2 Application Note 7.

Marijuana is a "controlled substance."  21 U.S.C. §§ 802(6),

812 Schedule I(c)(10) (1994).  In pertinent part, 18 U.S.C.

§ 924(c)(2) defines a "drug trafficking crime" as "any felony

punishable under the Controlled Substances Act (21 U.S.C. § 801

et seq)."  18 U.S.C. § 924(c)(2) (1994).  Hinojosa-Lopez contends

that this language indicates that in order to qualify as an

aggravated felony, the crime must be classified as a felony by

the Controlled Substances Act.  We disagree.

Although this is an issue of first impression before this

court, it has been addressed by several other circuits.  In

United States v. Restrepo-Aguilar, 74 F.3d 361 (1st Cir. 1996),

the First Circuit held that the defendant's prior state

conviction for simple possession of cocaine qualified as an

aggravated felony under § 2L1.2(b)(2) despite the fact that the

same offense was punishable only as a misdemeanor under federal

law.  Id. at 364-65.  Looking to the interaction between the

Sentencing Guidelines and the applicable federal statutes, the

court held that 18 U.S.C. § 924(c)(2) defines a "drug trafficking

5

crime" as "encompassing two <u>separate</u> elements:  (1) that the offense be punishable under the Controlled Substances Act (or one of the other two statutes identified); and (2) that the offense be a felony."  <u>Id.</u> at 364.  The court then explained that

> a state drug offense is properly deemed a "felony" within the meaning of 18 U.S.C. § 924(c)(2) as incorporated by application note 7 to U.S.S.G. § 2L1.2, if the offense is classified as a felony under the law of the relevant state, even if the same offense would be punishable only as a misdemeanor under federal law.

<u>Id.</u> at 365.  As the defendant's prior conviction was a felony under applicable state law and was punishable under the Controlled Substances Act, the court held that § 2L1.2(b)(2) applied.  <u>Id.</u>

We agree with the reasoning of the First Circuit in <u>Restrepo-Aguilar</u> and of the four other circuits that have considered this issue.  <u>See</u>, <u>e.g.</u>, <u>United States v. Briones-Mata</u>, 116 F.3d 308, 310 (8th Cir. 1997) ("We believe the definitions of the terms at issue indicate that Congress made a deliberate policy decision to include as an 'aggravated felony' a drug crime that is a felony under state law but only a misdemeanor under the [Controlled Substances Act].");  <u>United States v. Garcia-Olmedo</u>, 112 F.3d 399, 400-01 (9th Cir. 1997) (holding that prior Arizona felony convictions for possession of marijuana that also would have been punishable under 21 U.S.C. § 844(a) constituted aggravated felonies under § 2L1.2(b)(2));  <u>United States v. Cabrera-Sosa</u>, 81 F.3d 998, 1000 (10th Cir.) (holding that a prior New York felony conviction for possession of cocaine that also would have been punishable under 21 U.S.C. § 844(a) constituted

6

an aggravated felony under § 2L1.2(b)(2)), cert. denied, 117 S. Ct. 218 (1996); United States v. Polanco, 29 F.3d 35, 38 (2d Cir. 1994) ("Because Polanco's [New York] felony conviction was for an offense punishable under the Controlled Substances Act, one of the statutes enumerated under section 924(c)(2), the offense rises to the level of 'aggravated felony' under section 2L1.2(b)(2) and 8 U.S.C. § 1326(b)(2) regardless of the quantity or nature of the contraband or the severity of the sentence imposed."). Thus, Hinojosa-Lopez's prior conviction constitutes an aggravated felony for purposes of § 2L1.2(b)(2) if (1) the offense was punishable under the Controlled Substances Act and (2) it was a felony.

Simple possession of marijuana is punishable under the Controlled Substances Act, albeit as a misdemeanor. 21 U.S.C. § 844(a) (1994). The statute under which Hinojosa-Lopez was convicted in 1991 was the Texas Controlled Substances Act, TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 1992), which states that the knowing or intentional possession of more than fifty but less than two hundred pounds of marijuana is an "aggravated offense," punishable for a life term or a term of not more than ninety-nine nor less than five years of imprisonment and by a fine not to exceed $50,000.[2] Id. § 481.121(d)(1). Aggravated possession of

---

[2] In 1993, the statute was amended to delete subsection (c); possession of more than 50 but less than 200 pounds of marijuana is now denominated a felony in the second degree. See TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5) (Vernon Supp. 1997). A second degree felony is punishable by a sentence of two to twenty years and a fine not to exceed $10,000. TEX. PEN. CODE ANN. § 12.33 (Vernon 1994).

marijuana is a felony under Texas law.  See id.; Young v. State, 922 S.W.2d 676, 676 (Tex. App.--Beaumont 1996, pet. ref'd). Thus, for purposes of § 2L1.2, Hinojosa-Lopez's Texas conviction was an aggravated felony because his offense was a felony that also was punishable under the Controlled Substances Act.

**B.  *Sufficiency of the Factual Basis Supporting the Guilty Plea***

Hinojosa-Lopez next argues that his conviction was invalid because the government failed to prove all of the elements of a violation of 8 U.S.C. § 1326.  He argues that in order to prove him guilty of violating the statute, the government had to show that he was "arrested and deported" or "excluded and deported." He claims that the proof offered by the government only showed that he was deported and did not reflect whether the deportation was preceded by arrest or exclusion.  This argument lacks merit.

Federal Rule of Criminal Procedure 11(f) requires that the sentencing court satisfy itself that an adequate factual basis exists to demonstrate that the defendant committed the charged offense.  United States v. Adams, 961 F.2d 505, 508 (5th Cir. 1992).  "The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea." Id. at 509.  We will reverse this finding only if it was clearly erroneous.  Id.

In the instant case, the indictment alleged that Hinojosa-Lopez was both arrested and deported.  We have held that, "[i]f sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea."  Id.

8

In this case, however, the government also summarized the facts surrounding Hinojosa-Lopez's prior arrest and deportation, and Hinojosa-Lopez agreed to the facts as stated by the prosecutor. Indeed the district court was extremely thorough and specifically questioned Hinojosa-Lopez about each fact presented by the government, including his arrest in 1991 prior to his deportation. As a result, we do not think that the factual basis was insufficient to support Hinojosa-Lopez's guilty plea.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.