IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50720
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL ALMAGUER-REYES,

Defendant-Appellant.

* * * * * * * * * * * * * * * * * * * * *

_____

No. 98-50807
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ROCHA-AREVALOS,

Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
USDC No. DR-97-CR-488-1
USDC No. DR-98-CR-131-1
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The appellants pleaded guilty to illegally reentering the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

country after having been deported.  They argue that the district court erred when it increased their offense levels by 16 under U.S. Sentencing Guidelines § 2L1.2(b)(1)(A) for their prior state drug convictions.  They contend that, because their state felony drug convictions would be only misdemeanors under federal law, their prior convictions were not "drug-trafficking crime[s]" under 18 U.S.C. § 924(c)(2) and did not constitute "aggravated felon[ies]" for purposes of § 2L1.2(b)(1)(A).  Their argument is foreclosed by <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997).  The appellants' sentences are AFFIRMED.