IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40435
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISIDRO MONTILLO-ONTIVEROS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-843-1
- - - - - - - - - -

January 10, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Isidro Montillo-Ontiveros appeals his conviction and
sentence for illegal reentry into the United States after
deportation, in violation of 8 U.S.C. § 1326(b)(2).  He argues
that the district court should have suppressed his prior
deportation because commingling of the prosecutorial and
adjudicatory functions of the Immigration and Naturalization
Service deprived him of due process during the administrative
deportation proceeding.  This court rejected that argument in

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

United States v. Benitez-Villafuerte, 186 F.3d 651, 659-60 (5th Cir. 1999).

Montillo also argues that his due process rights were violated by the 16-level aggravated-felony sentencing enhancement he received, pursuant to § 2L1.2(b) of the guidelines, for his prior state conviction for narcotics possession. He contends that mere possession of narcotics should not qualify as an "aggravated felony" for purposes of § 2L1.2(b). This court rejected that argument in United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Because both of Montillo's arguments are foreclosed by circuit precedent, the decision of the district court is AFFIRMED.