IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50209
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LEOPOLDO CAMARILLO-HERNANDEZ, also known
as Rick Santiago, also known as Jose Santiago,
also known as Jose Leopoldo Amarillo, also known
as Joe Hernandez, also known as Napoleon Camarillo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CR-4-1-SS
--------------------
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Jose Leopoldo Camarillo-Hernandez ("Camarillo") appeals the
sentence imposed following his guilty plea conviction for illegal
reentry to the United States in violation of 8 U.S.C. § 1326.
Camarillo challenges a 16-level increase to his offense level
authorized by U.S.S.G. § 2L1.2. Camarillo asserts that his prior
conviction for possession of cocaine is not an aggravated felony
or a drug-trafficking offense and that the district court erred
by increasing his offense level under § 2L1.2. Camarillo admits

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that his argument is foreclosed by our opinion in *United States v. Hinojosa-Lopez*, 130 F.3d 691, 693-94 (5th Cir. 1997); he raises the issue to preserve it for review by the United States Supreme Court.

Section 2L1.2 authorizes a 16-level increase if the defendant was previously deported following a conviction for an aggravated felony. *See id.* In *Hinojosa-Lopez*, we determined that a "prior conviction constitutes an aggravated felony for purposes of § 2L1.2(b)(2) if (1) the offense was punishable under the Controlled Substances Act and (2) it was a felony." 130 F.3d at 694. We held that the defendant's prior conviction for possession of marijuana, which was a felony under Texas law and a misdemeanor under federal law, constituted an aggravated felony for purposes of § 2L1.2(b)(2). *Id.*

*Hinojosa-Lopez's* rationale applies to the instant case. Possession of cocaine is punishable under the Controlled Substances Act, and such possession is a felony under Texas law. *See* 21 U.S.C. § 844(a); TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(b) (West 2000).

As Camarillo admits, his position is foreclosed by *Hinojosa-Lopez*, which is binding on this court. *See United States v. Ruff*, 984 F.2d 635, 640 (5th Cir. 1993) (absent *en banc* reconsideration or a superseding contrary decision of the Supreme Court, one panel may not overrule the decision of a prior panel). The judgment of the district court is AFFIRMED.

The motion for leave to file a supplemental brief is DENIED.