IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40753
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRUCTOSO CUELLAR-RAMIREZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-197-1
- - - - - - - - - -
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Fructoso Cuellar-Ramirez (Cuellar) appeals his guilty plea
conviction and sentence for being an alien illegally in the
United States following a prior deportation.  *See* 8 U.S.C.
§ 1326.  Cuellar argues that (1) the indictment was defective
because it did not allege a general intent mens rea; (2) in light
of *Apprendi v. New Jersey*, 120 S. Ct. 2438 (2000), his prior
felony conviction was an element of the offense under 8 U.S.C.
§ 1326(b) and should have been alleged in the indictment; and
(3) his prior conviction for possession of cocaine does not

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

constitute a "drug trafficking" crime; therefore, it is not an aggravated felony for purposes of sentencing.

All of Cuellar's claims are foreclosed by controlling Fifth Circuit precedent. *See United States v. Guzman-Ocampo*, 236 F.3d 233, 237-39 (5th Cir. 2000)(upholding sufficiency of indictment for illegal reentry that contained substantially identical language as Cuellar's indictment); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000)(explaining that despite *Apprendi* prior aggravated felony is still a sentencing factor and not an element of the offense of illegal reentry), *cert denied*, 121 S. Ct. 1214 (2001); *United States v. Hinojoso-Lopez*, 130 F.3d 691, 692-93 (5th Cir. 1997)(holding that state felony possession of controlled substance fits statutory definition of "drug trafficking" crime and qualifies as aggravated felony). Accordingly, Cuellar's conviction and sentence are AFFIRMED.