IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41323
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MIGUEL ANTHONY LOZANO-ORTIZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-00-CR-349-1
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Miguel Anthony Lozano-Ortiz appeals his sentence following

his guilty-plea conviction of attempting to enter the United

States after having been previously deported subsequent to an

aggravated-felony conviction, in violation of 8 U.S.C. § 1326.

Lozano-Ortiz argues that the district court misapprehended its

authority to grant a downward departure based on Lozano-Ortiz'

medical condition.  He also asserts that the felony conviction

that resulted in his increased sentence under 8 U.S.C.

§ 1326(b)(2) was an element of the offense that should have been

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

charged in the indictment, and that the district court erred in applying U.S.S.G. § 2L1.2(b)(1)(A) because the rule of lenity required the court to interpret the term "drug trafficking crime" to exclude his state conviction for possession of marijuana. Lozano-Ortiz concedes that his "element of the offense" and "rule of lenity" arguments are foreclosed by Supreme Court and Fifth Circuit precedent, but nevertheless seeks to preserve these issues for further Supreme Court review.

We have reviewed the record and the briefs submitted by the parties and hold that this court lacks jurisdiction to consider the district court's refusal to grant a downward departure based on Lozano-Ortiz' medical condition. See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999); United States v. Palmer, 122 F.3d 215, 222 (5th Cir. 1997).

As acknowledged by Lozano-Ortiz, his remaining arguments are foreclosed by Supreme Court and Fifth Circuit precedent. See Apprendi v. New Jersey, 530 U.S. 466 (2000); Almendarez-Torres v. United States, 523 U.S. 224 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001); United States v. Hernandez-Avalos, 251 F.3d 505, 508 (5th Cir. 2001), cert. denied, ___ U.S. ___, 2001 WL 992061 (U.S. Oct. 1, 2001) (No. 01-5773); United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997).

AFFIRMED.