IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41460
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JORGE SANDATE-LOZANO,

                                        Defendant-Appellant.
                        --------------------
            Appeal from the United States District Court
                for the Southern District of Texas
                     USDC No. L-00-CR-919-ALL
                        --------------------
                         October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Jorge Sandate-Lozano ("Sandate") appeals his conviction and
sentence after the district court found him guilty of being found
in the United States after having been previously deported
subsequent to an aggravated-felony conviction, in violation of 8
U.S.C. § 1326.  He argues that the district court erred in
applying U.S.S.G. § 2L1.2(b)(1)(A) because the rule of lenity
required the court to interpret the term "drug trafficking crime"
to exclude his state conviction for possession of cocaine.  He

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

also argues that his indictment does not charge an offense because it fails to allege any general intent on his part.

The district court did not err in applying U.S.S.G. § 2L1.2(b)(1)(A). It follows from the interpretations reached by this court in United States v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001), and United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997), that the term "drug trafficking crime" is not so ambiguous as to require an application of the rule of lenity. See Hernandez-Avalos, 251 F.3d at 508-09; Hinojosa-Lopez, 130 F.3d at 693-94.

Sandate's indictment sufficiently alleged the general intent required of 8 U.S.C. § 1326 offenses. Sandate's "indictment fairly conveyed that [his] presence was a voluntary act from the allegations that he was deported, removed, and subsequently present without consent of the Attorney General." United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir. 2001).

AFFIRMED.