IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50131
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

FACUNDO BALDERAS-SANCHEZ,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(DR-01-CR-402-1)
--------------------
January 8, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The government appeals from the sentence imposed on Facundo Balderas-Sanchez for his guilty-plea conviction for illegal reentry into the United States after deportation. Specifically, the government challenges the district court's holding that Balderas-Sanchez's prior Texas conviction for simple possession of marijuana did not warrant an eight-level adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(C) because it did not constitute an "aggravated

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony." This issue is reviewed <u>de</u> <u>novo</u>. <u>See</u> <u>United States v.</u> <u>Hinojosa-Lopez</u>, 130 F.3d 691, 693 (5th Cir. 1997).

The government's challenge is supported by our recent holding in <u>United States v. Caicedo-Cuero</u>, __ F.3d __, 5th Cir. Nov. 14, 2002, No. 02-20751), 2002 WL 31521599. In that case, we affirmed the district court's imposition of an eight-level adjustment under U.S.S.G. § 2L1.2(b)(1)(C) for the defendant's prior Texas conviction for simple possession of marijuana. 2002 WL 31521599, at *7-11. In doing so, we referenced the district court's holding in the instant case and expressly disagreed with it. <u>Id.</u> at *8.

Accordingly, Balderas-Sanchez's sentence is VACATED and the case is REMANDED for resentencing in conformity with our holding in <u>Caicedo-Cuero</u>.

SENTENCE VACATED; REMANDED for resentencing.