IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20327
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FERNANDO LOPEZ-TRUJILLO

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-785-1
--------------------
February 5, 2003

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

Fernando Lopez-Trujillo appeals his conviction for
reentering the United States without permission after deportation
following an aggravated felony.  Lopez argues that the district
court should have suppressed his prior administrative deportation
because, at the time of his deportation, the Board of Immigration
Affairs had held that a single conviction for possession of a
controlled substance, which is a federal misdemeanor, was not an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

aggravated felony. He recognizes that his argument is foreclosed by this court's decision in <u>United States v. Hernandez-Avalos</u>, 251 F.3d 505, 509-10 (5th Cir.), <u>cert. denied</u>, 122 S. Ct. 305 (2001), but states that he raises it to preserve it for further review.

In <u>Hernandez-Avalos</u>, this court reaffirmed its holding in <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997), that the term "drug trafficking crime" includes a crime that is a felony "under either state or federal law." 251 F.3d at 508. Consequently, the district court did not err in admitting into evidence his prior administrative deportation.

Lopez also argues that the Sentencing Commission has chosen a narrower definition of "drug trafficking" than this court's former interpretation of "drug trafficking" in 8 U.S.C. § 1101(a)(43)(B), and, therefore, his prior conviction for simple possession of drugs is not a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A) or an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C). He recognizes that we have held in <u>United States v. Caicedo-Cuero</u>, No. 02-20751, 2002 WL 31521599 (5th Cir. Nov. 14, 2002), that a previous state conviction for simple possession of narcotics is an "aggravated felony" under the November 2001 Guidelines. However, he states that he wishes to preserve this issue for further review.

Lopez is correct that his argument was recently rejected by this court in <u>Caicedo-Cuero</u>. 2002 WL 31521599, *8, *11.

Accordingly, the district court did not err in overruling Lopez's objection to the eight-level enhancement imposed for his prior felony conviction for possession of cocaine. The judgment of the district court is AFFIRMED.