United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40620
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCOS TULIO MADRID,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1654-ALL
---------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marcos Tulio Madrid appeals his conviction and sentence for illegal reentry. He argues that the district court plainly erred by characterizing his state felony conviction for simple possession of crack as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B), when that same offense was punishable only as a misdemeanor under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal law.  This issue, however, is foreclosed by <u>United States
v. Hinojosa-Lopez</u>, 130 F.3d 691 (5th Cir. 1997), and, therefore,
Madrid has not demonstrated plain error.

Madrid concedes that the issue whether the "felony" and
"aggravated felony" provisions of 8 U.S.C. § 1326(b)(1)&(2) are
unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466
(2000), is foreclosed by <u>Almendarez-Torres v. United States</u>,
523 U.S. 224 (1998), and he raises it solely to preserve its
further review by the Supreme Court.  <u>Apprendi</u> did not overrule
<u>Almendarez-Torres</u>.  <u>See Apprendi</u>, 530 U.S. at 489-90.  This court
must therefore follow the precedent set in <u>Almendarez-Torres</u>
"unless and until the Supreme Court itself determines to overrule
it."  <u>See United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir.
2000) (internal quotation and citation omitted).

AFFIRMED.