IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20748
Summary Calendar

_____

OWIN DANZELL,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL; HIPOLITO M. ACOSTA,
Acting District Director of the Houston District Office of
The Immigration and Naturalization Service,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-3612
--------------------
February 13, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Owin Danzell, a native of Trinidad admitted to the United States in 1989 as a permanent resident alien, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Danzell's petition challenged an order of deportation in which it was determined that he was removable as an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

account of his state cocaine-possession convictions.  The district court determined that it lacked jurisdiction to entertain the 28 U.S.C. § 2241 petition because the arguments raised therein had been rejected by this court in dismissing Danzell's direct petition for review of the deportation order.  Alternatively, the district court determined that Danzell's arguments were foreclosed by this court's precedent.

It is unclear from the record whether Danzell's direct petition for review to this court raised the same issues asserted in the instant petition for a writ of habeas corpus.  In any event, the arguments Danzell raised in his 28 U.S.C. § 2241 petition concerning whether his state controlled-substance convictions are "aggravated felonies" are foreclosed by this court's precedent. See United States v. Hernandez-Avalos, 251 F.3d 505 (5th Cir.), cert. denied 122 S. Ct. 305 (2001); United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997).

AFFIRMED.