United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40969
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAYMUNDO GONZALES-VELASQUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1773-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Raymundo Gonzales-Velasquez appeals his conviction and
sentence for being an alien unlawfully found in the United States
after deportation after having been convicted of an aggravated
felony in violation of 8 U.S.C. § 1326(a) & (b).  He argues that
the district court plainly erred by characterizing his state
felony conviction for simple possession of cocaine as an
"aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C),
when that same offense is punishable only as a misdemeanor under

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal law.  This issue, however, is foreclosed by our decisions in United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 538 U.S. 1021 (2003), and United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).  Therefore, Gonzales-Velasquez has not demonstrated error, plain or otherwise, on this issue.

For the first time on appeal, Gonzales-Velasquez argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt.

Gonzales-Velasquez acknowledges that his arguments are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he wishes to preserve the issues for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  Thus, we must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Accordingly, Gonzales-Velasquez's arguments are foreclosed, and his conviction and sentence are AFFIRMED.