United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41534
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

OSCAR OLIVA-BANEGAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-880-1
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Oscar Oliva-Banegas (Oliva) pleaded guilty to one count of
illegal reentry into the United States, and the district court
sentenced him to 30 months in prison and a three-year term of
supervised release.  Oliva contends that the district court erred
by characterizing his state felony conviction for simple
possession of a controlled substance as an "aggravated felony"
for purposes of U.S.S.G. § 2L1.2(b)(1)(C).  This issue, however,
is foreclosed by our precedent.  See United States v. Caicedo-
Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 538

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 1021 (2003); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Oliva contends that 8 U.S.C. § 1326(b) is unconstitutional because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt.  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

The district court's judgment is

AFFIRMED.