United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41694
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAIME GONZALEZ-JIMENEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-1080-ALL
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Jaime Gonzalez-Jimenez pleaded guilty to one count of
illegal reentry into the United States following deportation, and
the district court sentenced him to 34 months in prison and a
three-year term of supervised release.  Gonzalez-Jimenez argues
that the district court erred by characterizing his state felony
conviction for simple possession of cocaine as an "aggravated
felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C), when that same
offense is punishable only as a misdemeanor under federal law.
This issue, however, is foreclosed by our precedent.  See United

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 538 U.S. 1021 (2003); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Gonzalez-Jimenez has not shown that the district court erred by characterizing his state conviction as an aggravated felony for U.S.S.G. § 2L1.2(b)(1)(C) purposes and by sentencing him accordingly.

Gonzalez-Jimenez argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Gonzalez-Jimenez has shown no error in the district court's judgment. Accordingly, that judgment is AFFIRMED.