United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41732
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ARMANDO BANEGAS-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-834-1
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Jose Armando Banegas-Sanchez (Banegas) appeals his conviction and sentence for illegal reentry following deportation. He argues that the district court plainly erred by characterizing his state felony conviction for simple possession of cocaine as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B), when that same offense was punishable only as a misdemeanor under federal law. This issue, however, is foreclosed by United States v. Caicedo-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002), <u>cert. denied</u>, 538 U.S. 1021 (2003), and <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997). Therefore, Banegas has not demonstrated plain error.

Banegas also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He acknowledges that his argument is foreclosed, but seeks to preserve the issue for possible Supreme Court review. As Banegas concedes, this issue is foreclosed. See <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.