United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40010
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON RANGEL-RENDON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-1184-ALL
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Aaron Rangel-Rendon (Rangel-Rendon) pleaded guilty to one count of illegal reentry into the United States, and the district court sentenced him to 24 months' imprisonment and a three-year term of supervised release. Rangel-Rendon contends that the district court erred by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). This issue, however, is foreclosed by our precedent. See United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002),

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cert. denied, 538 U.S. 1021 (2003); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Rangel-Rendon contends that 8 U.S.C. § 1326(b) is unconstitutional because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Rangel-Rendon concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

The district court's judgment is AFFIRMED.