**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Franklin Ismael LARIOS–ANDRADE,**
**Defendant–Appellant.**

No. 04–40170.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 21, 2004.

Paula Camille Offenhauser, James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Carlos M. Alaniz, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM: [*]

Franklin Ismael Larios–Andrade appeals his conviction and sentence for illegal reentry following deportation. He argues that the district court erred by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B), when that same offense was punishable only as a misdemeanor under federal law. This issue, however, is foreclosed by *United States v. Caicedo–Cuero,* 312 F.3d 697, 706–11 (5th Cir.2002), *cert. denied,* 538 U.S. 1021, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003), and *United States v. Hinojosa–Lopez,* 130 F.3d 691, 694 (5th Cir.1997).

Larios–Andrade also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He acknowledges that his argument is foreclosed, but seeks to preserve the issue for possible Supreme Court review. As Larios–Andrade concedes, this issue is foreclosed. *See Almendarez–Tor-*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*res v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.