Attorney, Matthew M. Coman, New Orleans, LA, for Plaintiff–Appellee.

Robin Elise Schulberg, George Chaney, Jr., New Orleans, LA, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM: *

Troy Watts appeals his 48–month sentence following the revocation of his supervised release term relating to Watts's 1997 guilty-plea conviction for conspiracy to distribute cocaine. Citing *United States v. Doggett,* 230 F.3d 160, 164–65 (5th Cir. 2000), and for the first time on appeal, Watts contends that his revocation sentence was unlawfully imposed. Specifically, Watts asserts that, because his superseding indictment failed to allege a specific drug quantity, his underlying drug conspiracy conviction carried a 20–year maximum sentence pursuant to 21 U.S.C. § 841(b)(1)(C), thereby rendering it a Class C felony under 18 U.S.C. § 3559(a)(3). Watts maintains that his revocation sentence could not exceed two years pursuant to 18 U.S.C. § 3583(e)(3). Watts secondarily argues that, assuming his case is remanded for resentencing, any additionally imposed supervised release term would result in an *ex post facto* violation.

Watts neither directly appealed from, nor sought collateral review of, his underlying conviction and sentence. He may not do so on appeal from the revocation of supervised release. *See United States v.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

*Moody,* 277 F.3d 719, 720–21 (5th Cir. 2001).

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Moises RAMIREZ–YANEZ, Defendant–Appellant.**

**No. 04–20138.
Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Oct. 21, 2004.

James Lee Turner, Assistant U.S. Attorney, Julia Bowen Stern, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Michael L. Herman, Molly E. Odom, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**332**

PER CURIAM: *

Moises Ramirez–Yanez (Ramirez) was convicted of illegal reentry after deportation, and he was sentenced to 29 months' imprisonment, three years' supervised release, and a $100 special assessment that was ordered remitted on motion of the Government. Ramirez contends that the district court erred by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2. However, this issue is foreclosed by our precedent. *See United States v. Caicedo–Cuero*, 312 F.3d 697, 706–11 (5th Cir.2002), *cert. denied*, 538 U.S. 1021, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003); *United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir.1997).

Ramirez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Ramirez concedes, this issue is foreclosed. *See Almendarez–Torres v. United States*, 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.