United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20138
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MOISES RAMIREZ-YANEZ,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-381-1
---------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Moises Ramirez-Yanez (Ramirez) was convicted of illegal
reentry after deportation, and he was sentenced to 29 months'
imprisonment, three years' supervised release, and a $100 special
assessment that was ordered remitted on motion of the Government.
Ramirez contends that the district court erred by characterizing
his state felony conviction for possession of a controlled
substance as an "aggravated felony" for purposes of U.S.S.G.

-------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2.  However, this issue is foreclosed by our precedent.

See United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th

Cir. 2002), cert. denied, 538 U.S. 1021 (2003); United States v.

Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Ramirez also argues that the "felony" and "aggravated

felony" provisions of 8 U.S.C. § 1326(a) and (b) are

unconstitutional.  He acknowledges that his argument is

foreclosed, but he seeks to preserve the issue for possible

Supreme Court review in light of Apprendi v. New Jersey, 530 U.S.

466 (2000).  As Ramirez concedes, this issue is foreclosed.  See

Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998);

United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.