United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40015
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CONCEPCION GARCIA-RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-249-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Jose Concepcion Garcia-Ramirez (Garcia) pleaded guilty to
one count of illegal reentry into the United States.  The
district court sentenced him to 24 months in prison and a three-
year term of supervised release.  Garcia argues that the district
court erred by characterizing his state felony conviction for
possession of a controlled substance as an aggravated felony for
purposes of U.S.S.G. § 2L1.2(b)(1)(C), because that same offense
is punishable only as a misdemeanor under federal law.  This
issue, however, is foreclosed.  See United States v. Caicedo-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 538 U.S. 1021 (2003); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Thus, Garcia fails to show that the district court erred by characterizing his state conviction as an aggravated felony for U.S.S.G. § 2L1.2(b)(1)(C) purposes and by sentencing him accordingly.

Garcia argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Garcia's conviction and sentence are AFFIRMED.

The parties agree, and the record reflects, that the indictment against Garcia charged him with attempted illegal reentry into the United States after deportation and that he pleaded guilty to that charge but that the judgment states that Garcia was convicted of reentry of a deported alien. The case is REMANDED for the limited purpose of correcting the judgment to reflect that Garcia was convicted of attempted illegal reentry. See FED. R. CRIM. P. 36; see United States v. Powell, 354 F.3d 362, 371-72 (5th Cir. 2003).

CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.