United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40170
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN ISMAEL LARIOS-ANDRADE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1592-1
---------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Franklin Ismael Larios-Andrade appeals his conviction and

sentence for illegal reentry following deportation.  He argues

that the district court erred by characterizing his state felony

conviction for possession of a controlled substance as an

"aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and

8 U.S.C. § 1101(a)(43)(B), when that same offense was punishable

only as a misdemeanor under federal law.  This issue, however, is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosed by <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002), <u>cert. denied</u>, 538 U.S. 1021 (2003), and <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997).

Larios-Andrade also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He acknowledges that his argument is foreclosed, but seeks to preserve the issue for possible Supreme Court review. As Larios-Andrade concedes, this issue is foreclosed. <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.