United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40220
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

OCIEL MARTINEZ-MARTINEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-777-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Ociel Martinez-Martinez (Martinez) appeals his conviction

and sentence for illegal reentry following deportation.  He

argues that the district court plainly erred by characterizing

his state felony conviction for simple possession of marijuana as

an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C)

and 8 U.S.C. § 1101(a)(43)(B), when that same offense was

punishable only as a misdemeanor under federal law.  This issue,

however, is foreclosed by United States v. Caicedo-Cuero,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

312 F.3d 697, 706-11 (5th Cir. 2002), <u>cert. denied</u>, 538 U.S. 1021 (2003), and <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997).  Therefore, Martinez has not demonstrated plain error.

Martinez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  He acknowledges that his argument is foreclosed, but seeks to preserve the issue for possible Supreme Court review.  As Martinez concedes, this issue is foreclosed.  <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.