United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-40440
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL LOREDO-PECINA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-976-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gabriel Loredo-Pecina pleaded guilty to one count of illegal reentry into the United States, and the district court sentenced him to 15 months of imprisonment and a three-year term of supervised release. Loredo contends that the district court erred by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). This issue, however, is foreclosed by our precedent. See United States v. Caicedo-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002); <u>United States v.</u>
<u>Hinojosa-Lopez</u>, 130 F.3d 691, 693-94 (5th Cir. 1997).

Loredo contends that 8 U.S.C. § 1326(b) is unconstitutional because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Loredo concedes, this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). See <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

The district court's judgment is AFFIRMED.