United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40153
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

NOE SIFUENTES-FLORES,
also known as Carlos Solares-Hernandez,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-102-ALL
---------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Noe Sifuentes-Flores ("Sifuentes") appeals from his
conviction of being found in the United States after a previous
deportation, in violation of 8 U.S.C. § 1326.  Sifuentes contends
for the first time on appeal that the district court erred by
characterizing his state conviction for possession of a
controlled substance as an aggravated felony because a prior
conviction must qualify as a felony under federal law in order to
be an aggravated felony under the guidelines.  He further

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the "felony" and "aggravated felony" sentencing-enhancement provisions of 8 U.S.C. § 1326(b) are facially unconstitutional because <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), has been undercut by later Supreme Court opinions. Sifuentes concedes that his contentions are foreclosed by this court's caselaw.

Sifuentes's contentions are foreclosed. First, Sifuentes's prior state felony conviction for possession of a controlled substance qualifies as an aggravated felony under U.S.S.G. § 2L1.2(b) despite the fact that the same offense is punishable only as a misdemeanor under federal law. <u>See</u> <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 705-11 (5th Cir. 2002); <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 693-94 (5th Cir. 1997). Second, this court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation marks and citation omitted).

AFFIRMED.