United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40660
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO MATEO-ROJAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-121-ALL
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Ramiro Mateo-Rojas appeals his sentence following a guilty plea conviction for attempted illegal reentry after deportation, a violation of 8 U.S.C. § 1326. Mateo-Rojas first argues that the district court erred by characterizing his prior state felony conviction for possession of cocaine as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Under any standard of review, we conclude that this issue is foreclosed by our precedent. This court has held that a state felony conviction

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for simple drug possession qualifies as an aggravated felony even if that offense would be a misdemeanor under federal law. See United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 123 S. Ct. 1948 (2003); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Mateo-Rojas argues that, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional because they are elements of the offense and not sentencing enhancements. Mateo-Rojas concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he raises it for possible Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

Mateo-Rojas also asserts there is an error in the judgment. Because the district court has corrected this error, this issue is moot.

AFFIRMED.