**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 21, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40836
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN MELO OSORIO, also known as Jose Garcia-Santiago,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-25-1
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

      Juan Melo Osorio appeals his conviction and sentence
for illegal reentry.  He argues that the district court plainly
erred by characterizing his state felony conviction for simple
possession of cocaine as an "aggravated felony" for purposes of
U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B), when
that same offense was punishable only as a misdemeanor under

———————————

      [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

federal law.  This issue, however, is foreclosed by <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997), and, therefore, Osorio has not demonstrated plain error.

Osorio also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) constitute an unconstitutional sentencing provision.  He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  As Osorio concedes, this issue is foreclosed.  See <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.