**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymundo GONZALES–VELASQUEZ,**
**Defendant–Appellant.**

No. 03–40969.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 23, 2004.

James Lee Turner, John Richard Berry, Assistant U.S. Attorney, John Richard Berry, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E Dahlin, II, Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Raymundo Gonzales–Velasquez appeals his conviction and sentence for being an alien unlawfully found in the United States after deportation after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b). He argues that the district court plainly erred by characterizing his state felony conviction for simple possession of cocaine as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C), when that same offense is punishable only as a misdemeanor under federal law. This issue, however, is foreclosed by our decisions in *United States v. Caicedo–Cuero*, 312 F.3d 697, 706–11 (5th Cir.2002), *cert. denied*, 538 U.S. 1021, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003), and *United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir.1997). Therefore, Gonzales–Velasquez has not demonstrated error, plain or otherwise, on this issue.

For the first time on appeal, Gonzales–Velasquez argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt.

Gonzales–Velasquez acknowledges that his arguments are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he wishes to preserve the issues for Supreme Court review in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). Thus, we must follow *Almendarez–Torres* "unless and until the Su-

preme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

Accordingly, Gonzales–Velasquez's arguments are foreclosed, and his conviction and sentence are AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.