**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Concepcion GARCIA–RAMIREZ,
Defendant–Appellant.**

No. 04–40015.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 21, 2004.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mitchel Neurock, U.S. Attorney's Office, Laredo, TX, for Plaintiff–Appellee.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Tito H. Alfaro, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM: *

■ Jose Concepcion Garcia–Ramirez (Garcia) pleaded guilty to one count of illegal reentry into the United States. The district court sentenced him to 24 months in prison and a three-year term of supervised release. Garcia argues that the district court erred by characterizing his state felony conviction for possession of a controlled substance as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C), because that same offense is punishable only as a misdemeanor under federal law. This issue, however, is foreclosed. *See United States v. Caicedo–Cuero,* 312 F.3d 697, 706–11 (5th Cir.2002), *cert. denied,* 538 U.S. 1021, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003); *United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Thus, Garcia fails to show that the district court erred by characterizing his state conviction as an aggravated felony for U.S.S.G. § 2L1.2(b)(1)(C) purposes and by sentencing him accordingly.

■ Garcia argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or

---

aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). Garcia's conviction and sentence are AFFIRMED.

The parties agree, and the record reflects, that the indictment against Garcia charged him with attempted illegal reentry into the United States after deportation and that he pleaded guilty to that charge but that the judgment states that Garcia was convicted of reentry of a deported alien. The case is REMANDED for the limited purpose of correcting the judgment to reflect that Garcia was convicted of attempted illegal reentry. *See* Fed. R.Crim.P. 36; *see United States v. Powell,* 354 F.3d 362, 371–72 (5th Cir.2003).

CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.