United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40391
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS LOPEZ-TOVAR,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CR-341-1
---------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Luis Lopez-Tovar (Lopez) pleaded guilty and was
convicted of illegal reentry after deportation.  He was sentenced
to 30 months of imprisonment and three years of supervised
release.  Lopez contends that the district court erred by
characterizing his state felony conviction for possession of
marijuana as an "aggravated felony" for purposes of U.S.S.G.
§ 2L1.2.  This issue, however, is foreclosed by our precedent.
See United States v. Caicedo-Cuero, 312 F.3d 697, 700-06 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2002); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Lopez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Lopez concedes, this issue is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Lopez further argues that the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004), should be applied to sentences determined under the United States Sentencing Guidelines. As Lopez concedes, this argument is foreclosed by this court's recent opinion in United States v. Pineiro, 377 F.3d 464, 465-73 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), but he raises it to preserve it for possible further review.

AFFIRMED.