United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40434
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ANDRES SAUZO-IZAGUIRRE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1682-1
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos Andres Sauzo-Izaguirre ("Sauzo") pleaded guilty to
one count of illegal reentry into the United States.  Sauzo
argues that the district court erred by characterizing his state
felony conviction for possession of a controlled substance as an
"aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C),
because that same offense is punishable only as a misdemeanor
under federal law.  This issue, however, is foreclosed.  See
United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir.
2002); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th

------------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1997). Thus, Sauzo fails to show that the district court erred by characterizing his state conviction as an aggravated felony for U.S.S.G. § 2L1.2(b)(1)(C) purposes and by sentencing him accordingly.

Sauzo argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Sauzo also argues that, if Almendarez-Torres is overruled and if Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the federal sentencing guidelines, the district court violated his right to a trial by jury by enhancing his sentence based on his prior convictions, which were not submitted to a jury or admitted by Sauzo. In addition to the obstacle posed by Almendarez-Torres, Sauzo's argument regarding the effect of Blakely is foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), in which this court held that Blakely does not apply to the federal sentencing guidelines.

The judgment of the district court is AFFIRMED. `