United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40434
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS ANDRES SAUZO-IZAGUIRRE,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1682-1
---------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the sentence of Carlos Andres Sauzo-

Izaguirre ("Sauzo"). See United States v. Sauzo-Izaguirre,

115 Fed. Appx. 253 (5th Cir. 2004) (per curiam). The Supreme

Court vacated and remanded for further consideration in light of

United States v. Booker, 125 S. Ct. 738 (2005). See Vences v.

United States, 125 S. Ct. 1991 (2005). This court requested and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received supplemental letter briefs addressing the impact of Booker.

Sauzo argues that the district court erred in sentencing him pursuant to a mandatory application of the sentencing guidelines. He concedes that he did not object to his sentence in the district court under Blakely v. Washington, 124 S. Ct. 2531 (2004), or under Booker, and that his failure to make an objection of that type results in review for plain error.

Under the plain-error standard, the defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). If these conditions are satisfied, this court may exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736-37 (internal quotation marks and citation omitted).

To satisfy the third prong of the plain error test in light of Booker, a defendant must demonstrate "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005). Absent any indication in the record that the district court would have imposed a lower sentence, a defendant does not meet this burden. See United States v. Mares, 402 F.3d 511, 522

(5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517).

Sauzo contends that the error committed by the district court is structural or presumptively prejudicial, but he concedes that this argument is foreclosed. See United States v. Malveaux, ___ F.3d ___, No. 03-41618, 2005 WL 1320362, *1 n.9 (5th Cir. Apr. 11, 2005). Sauzo also argues that his substantial rights were affected. He contends that the district court was sympathetic toward him because of his medical problems, and he notes that the district court considered his condition in determining his sentence. He argues that it is reasonably probable that the district court would have imposed a lower sentence under a post-Booker advisory regime.

Sympathy toward the defendant "is not indicative of a judge's desire to sentence differently under a non-mandatory Guidelines regime." United States v. Creech, 408 F.3d 264, 272 (5th Cir. 2005). Here, "there is no indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether []he would have reached a different conclusion" as to Sauzo's sentence had he been sentencing under an advisory regime. See Mares, 402 F.3d at 522. Accordingly, Sauzo has not met his burden of establishing that his substantial rights were affected under the third prong of the plain error test. See id.

The judgment of the district court is AFFIRMED.