United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40919
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN MANUEL ALEJO-AGRAMON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-190-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Juan Manuel Alejo-Agramon (Alejo-Agramon) appeals his
guilty-plea conviction and sentence for illegal reentry following
deportation in violation of 8 U.S.C. § 1326.

     For the first time on appeal, Alejo-Agramon contends that
the district court plainly erred by characterizing his state
felony conviction for simple possession of marijuana as an
"aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and
8 U.S.C. § 1101(a)(43)(B), when that same offense was punishable
only as a misdemeanor under federal law.  This issue, however, is

————————————————————

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosed by <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002), and <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997).

Alejo-Agramon also contends, for the first time on appeal, that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). As he concedes, this argument is foreclosed. See <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Finally, Alejo-Agramon contends that the district court committed reversible plain error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines system held unconstitutional in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). He argues that the error was plain, structural, and presumptively prejudicial. We review for plain error. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005)(No. 05-5556).

The district court erred when it sentenced Alejo-Agramon pursuant to the mandatory Guidelines system. <u>See</u> <u>id.</u> at 733. However, the error was not structural or presumptively prejudicial. <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005); <u>United States v. Malveaux</u>, 411 F.3d 558, 560 n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (July 11, 2005) (No. 05-5297). Further, Alejo-Agramon has failed to point

to anything in the record indicating that the district court would have reached a different conclusion had it known that the Sentencing Guidelines were advisory.  See United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  Although the district court sentenced Alejo-Agramon at the lowest end of the guideline range, it found no reason to depart from that range.  See United States v. Bringier, 405 F.3d 310, 317 & n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535).  Therefore, Alejo-Agramon has not demonstrated that his substantial rights were affected, and he has failed to establish plain error.  See Mares, 402 F.3d at 522.

AFFIRMED.