**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 21, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40022
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAGDALENO REYES-BAUTISTA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1494-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Magdaleno Reyes-Bautista appeals his guilty-plea conviction and sentence for being found in the United States, without permission, following deportation. See 8 U.S.C. § 1326(a), (b). Reyes-Bautista argues that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional. Reyes-Bautista's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Reyes-Bautista contends that Almendarez-Torres was incorrectly decided and that a majority of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Reyes-Bautista properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Reyes-Bautista next argues that the district court erred by characterizing, for purposes of U.S.S.G. § 2L1.2(b)(1)(C), his state felony conviction for possession of a controlled substance as an "aggravated felony."  Reyes-Bautista's argument is foreclosed.  <u>See</u> <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997).  The Supreme Court's decision in <u>Jerome v. United States</u>, 318 U.S. 101 (1943), does not affect this precedent.

Finally, Reyes-Bautista argues that the district court committed reversible error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines scheme held unconstitutional in <u>United States v. Booker</u>, 543 U.S. 220 (2005).  By sentencing Reyes-Bautista under a mandatory guidelines regime, the district court committed what this court refers to as Fanfan error.  <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463 (5th Cir. 2005).  The Government concedes that Reyes-Bautista preserved his Fanfan claim for appellate review.  The Government has not

sustained its burden of demonstrating that the district court's Fanfan error was harmless.  See id. at 463-64.  We therefore we VACATE Reyes-Bautista's sentence and REMAND the case for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.