United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40767
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO SOLIS-ALVAREZ, also known as Marco Antonio
Solis-Garza, also known as Marco Antonio Soliz-Garza,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2019-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Solis-Alvarez (Solis) pleaded guilty and was
convicted of attempted illegal reentry after deportation.  He was
sentenced to 33 months of imprisonment and three years of
supervised release.  Solis contends that the district court erred
by characterizing his state felony conviction for possession of a
controlled substance as an "aggravated felony" for purposes of
U.S.S.G. § 2L1.2.  Relief on this issue is precluded.  See United
States v. Caicedo-Cuero, 312 F.3d 697, 700-06 (5th Cir. 2002);

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Solis also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Solis' constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Solis contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Solis properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.