United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40741
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AQUILEO AYALA-FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2469-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Aquileo Ayala-Flores appeals from his guilty plea conviction and sentence for illegal reentry of a deported alien. Ayala-Flores argues that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Ayala-Flores's argument is unavailing in light of circuit precedent. See United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ayala-Flores also argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943). Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Ayala-Flores also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ayala-Flores contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Ayala-Flores properly concedes that his argument is foreclosed by Almendarez-Torres and circuit precedent, but he raises it here solely to preserve it for further review.

AFFIRMED.