United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40955
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOEL CARRILLO-MONJEZ,
also known as Jorge Campos,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-17-1
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Joel Carrillo-Monjez (Carrillo) appeals the sentence he

received for illegally reentering the United States after

deportation, in violation of 8 U.S.C. § 1326.  Carrillo argues

that the district court misapplied the Sentencing Guidelines by

characterizing his state felony conviction for possession of

cocaine as an "aggravated felony" for purposes of U.S.S.G.

§ 2L1.2(b)(1)(C).  Carrillo's argument is unavailing in light of

circuit precedent.  See United States v. Hinojosa-Lopez, 130 F.3d

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

691, 693-94 (5th Cir. 1997). Carrillo argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943). Jerome, however, preceded Hinojosa-Lopez; this court is bound by the precedent of previous panels absent "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Carrillo also challenges the constitutionality of § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Carrillo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Carrillo argues that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Carrillo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.