United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41254
Conference Calendar

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

JOSE ARGUETA-HERNANDEZ,
also known as Jose Saul Hernandez-Argueta,

                                          Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-346-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Jose Argueta-Hernandez (Argueta) appeals following his

guilty plea to a charge of illegally reentering the United States

after deportation, in violation of 8 U.S.C. § 1326.  Argueta

argues that the district court misapplied the Sentencing

Guidelines by characterizing his state felony conviction for

possession of cocaine as an "aggravated felony" for purposes of

U.S.S.G. § 2L1.2(b)(1)(C).  Argueta's argument is unavailing in

light of circuit precedent.  See United States v. Hinojosa-Lopez,

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

130 F.3d 691, 693-94 (5th Cir. 1997).  Argueta argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943).  Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent."  See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Argueta also challenges the constitutionality of § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Argueta's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Argueta contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Argueta properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.