United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41464
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS ANDRADE-MESA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-389-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Andrade-Mesa (Andrade) appeals the 30-month sentence he received upon his guilty-plea conviction of attempted illegal reentry by an alien. Andrade contends that the district court erred by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Relief on this issue is unavailing in light of circuit precedent. See United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Andrade argues that this circuit's precedent is inconsistent with Jerome

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. United States, 318 U.S. 101 (1943). Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Andrade also makes a constitutional challenge to 8 U.S.C. § 1326(b), but it is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Andrade contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Andrade properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.