United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-41519
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HILARIO ANALCO-ANALCO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-259-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hilario Analco-Analco (Analco) appeals his sentence under
8 U.S.C. § 1326 for illegal reentry into the United States after
deportation. Analco argues that the district court erred by
characterizing his prior state felony conviction for simple
possession of a controlled substance as an "aggravated felony"
for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Analco's argument is
unavailing in light of circuit precedent. See United States v.
Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Analco

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that this circuit's precedent is inconsistent with <u>Jerome v. United States</u>, 318 U.S. 101 (1943).  Having preceded <u>Hinojosa-Lopez</u>, <u>Jerome</u> is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent."  <u>See</u> <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999).

Analco argues that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional.  This challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Analco contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Analco properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.