United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-21041
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

EDWARD CALLE-VILLAREAL, also known as Edward Calle, also
known as Edward Alfonso Calle,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-193
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Edward Calle-Villareal appeals following his guilty plea to
a charge of illegally reentering the United States after
deportation, in violation of 8 U.S.C. § 1326. Calle-Villareal
argues that the district court erred by characterizing his state
felony conviction for simple possession of cocaine as an
aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C).
Calle-Villareal's argument is unavailing in light of circuit
precedent. See United States v. Hinojosa-Lopez, 130 F.3d 691,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

693-94 (5th Cir. 1997). Calle-Villareal argues that this circuit's precedent is inconsistent with <u>Jerome v. United States</u>, 318 U.S. 101 (1943). Having preceded <u>Hinojosa-Lopez</u>, <u>Jerome</u> is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." <u>See</u> <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999).

Calle-Villareal also challenges for the first time on appeal the constitutionality of § 1326(b) in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Calle-Villareal's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Calle-Villareal contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Calle-Villareal properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.