United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40126
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

FILIBERTO OCHOA-PEREZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-543-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Filiberto Ochoa-Perez appeals following his guilty-plea
conviction for being found unlawfully in the United States after
deportation, in violation of 8 U.S.C. § 1326.  Ochoa-Perez argues
that the district court misapplied the Sentencing Guidelines by
characterizing his state felony conviction for possession of
cocaine as an "aggravated felony" for purposes of U.S.S.G.
§ 2L1.2(b)(1)(C).  Ochoa-Perez's argument is unavailing in light
of circuit precedent.  See United States v. Hinojosa-Lopez, 130
F.3d 691, 693-94 (5th Cir. 1997).  Ochoa-Perez argues that this

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circuit's precedent is inconsistent with <u>Jerome v. United States</u>, 318 U.S. 101 (1943).  Having preceded <u>Hinojosa-Lopez</u>, <u>Jerome</u> is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent."  <u>See</u> <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999).

Ochoa-Perez also challenges the constitutionality of § 1326(b) in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Ochoa-Perez's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Ochoa-Perez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Ochoa-Perez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.