United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20015
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE VICTOR TORRES, also known as
Jose Victor Torres-Valles, also known as
Jose Victor Torres-Baez, also known as
Heriberto Ochoa-Gomez, also known as
Jose Feliciano Perez-Mesa,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-127-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Victor Torres appeals the sentence imposed following

his guilty-plea conviction for being found unlawfully in the

United States after deportation, in violation of 8 U.S.C. § 1326.

Torres argues that the district court misapplied the Sentencing

Guidelines by characterizing his state felony convictions for

possession of a controlled substance as aggravated felonies for

purposes of U.S.S.G. § 2L1.2(b)(1)(C).  Torres's argument is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unavailing in light of circuit precedent.  See United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).  Torres argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943).  Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent."  See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Torres also challenges the constitutionality of § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  The Government argues that Torres lacks standing to bring a facial challenge to the constitutionality of § 1326(b).

Because Torres may be entitled to a lesser sentence if his constitutional challenge were successful, he has standing.  See Henderson v. Stalder, 287 F.3d 374, 380 (5th Cir. 2002).  Torres cannot succeed on his constitutional challenge, however, because his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Torres contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Torres properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit

precedent, but he raises it here to preserve it for further review.

AFFIRMED.