United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20071
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MIGUEL PENALOZA-HERNANDEZ, also known as Miguel Hernandez, also
known as Miguel Hernandez-Rodriguez, also known as Miguel
Penalose Hernandez, also known as Miguel Angel Penaloza-
Hernandez, also known as Juan Angel Penaloza-Hernandez, also
known as Miguel Angel Hernandez, also known as Miguel Penalosa-
Hernandez, also known as Miguel Angele Hernandez, also known as
Miguel Penaloza Hernandez, also known as Jaime Hernandez,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-261-1
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Miguel Penaloza-Hernandez appeals following his guilty-plea

conviction for being found unlawfully in the United States after

deportation in violation of 8 U.S.C. § 1326.  Penaloza-Hernandez

argues that the district court misapplied the Sentencing

Guidelines by characterizing a state felony conviction for

possession of a controlled substance as an "aggravated felony"

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for purposes of U.S.S.G. § 2L1.2(b)(1)(C).  Penaloza-Hernandez's argument is unavailing in light of circuit precedent.  See United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Penaloza-Hernandez argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943). Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent."  See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

For the first time on appeal, Penaloza-Hernandez also challenges the constitutionality of § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Penaloza-Hernandez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Penaloza-Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Penaloza-Hernandez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.